UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

------------------------------------------------------- x
                                                                             :

WAYNE D.[1],                                       :                      3:22-CV-01638-RMS
*Plaintiff,*                                         :
                                                                             :
V.                                                                                    :
                                                                             :
COMMISSIONER OF SOCIAL        :
SECURITY,                                      :
*Defendant.*                                    :                   JANUARY 12, 2026
                                                                             :
------------------------------------------------------- x

## RULING ON THE PLAINTIFF'S MOTION FOR ATTORNEY'S FEES PURSUANT TO 42 U.S.C. § 406(b)

Plaintiff's counsel, Gary W. Huebner ("Counsel"), has filed a motion for attorney's fees pursuant to 42 U.S.C. § 406(b)(1), seeking an award of fees in the amount of $20,375.50, "with credit to the plaintiff for a reasonable EAJA fee." (Doc. No. 24 at 1). The defendant, the Social Security Administration ("SSA") Commissioner ("Commissioner"), filed a response to the motion, indicating that it neither supports nor opposes Counsel's request for attorney's fees in the amount of $20,375.50 under § 406(b). (Doc. No. 26 at 1). For the reasons set forth below, Counsel's Motion for Attorney's Fees Pursuant to 42 U.S.C. § 406(b) (Doc. No. 24) is **GRANTED**. The plaintiff's counsel shall receive an attorney's fees award of $20,375.50, inclusive of the payments he previously received pursuant to § 406(a) fees. Counsel must refund directly to the plaintiff $5,000.00 as an Equal Access to Justice Act ("EAJA")[2] credit.

---

[1] To protect the privacy interests of social security litigants while maintaining public access to judicial records, in opinions issued in cases filed pursuant to Section 205(g) of the Social Security Act, 42 U.S.C. § 405(g), this Court will identify and reference any non-government party solely by first name and last initial. *See* Standing Order – Social Security Cases (D. Conn. Jan. 8, 2021).

[2] Under the EAJA, a prevailing party in a Social Security benefits case may be awarded fees payable by the United States if the Government's position in the litigation was not "substantially justified." 28 U.S.C.

I.   **BACKGROUND**

On December 27, 2022, the plaintiff filed an action appealing the Commissioner's denial of his application for disability income benefits. (Doc. No. 1). On January 9, 2023, this case was transferred to the undersigned. (Doc. No. 11). The Commissioner filed the administrative transcript on February 27, 2023 (Doc. No. 12), and the Court issued a Scheduling Order the same day (Doc. No. 13).

The plaintiff filed his Motion to Reverse on April 10, 2023. (Doc. No. 17). On May 19, 2023, the defendant filed a Motion to Remand. (Doc. No. 20). The same day, the Court granted the defendant's motion to remand the case to the Commissioner for additional administrative proceedings. (Doc. No. 21). The Clerk entered Judgment on May 24, 2023. (Doc. No. 23).

On April 18, 2024, the plaintiff received a fully favorable decision on remand. (Doc. No. 24 at 1). The Commissioner's November 12, 2024 Notice of Award stated the plaintiff was owed $5,151.70 in past-due benefits and that $1,287.93 was withheld for attorney's fees. (Doc. No. 24-1 at 3). The Notice stated that the past-due benefits were for December 2020 through September 2024. (*Id.*). Counsel then received $1,206.79 in attorney's fees under 42 U.S.C. § 406(a). (Doc. No. 24 at 1).

Counsel subsequently determined that the November 12, 2024 Notice of Award had erroneously reduced the plaintiff's past-due benefits based upon the plaintiff's presumed receipt of workers' compensation benefits. (Doc. No. 24 at 1). Counsel forwarded relevant information to the Commissioner with the request that the past-due benefits award be recalculated. (Doc. No. 24 at 1–2). On November 23, 2025, the Commissioner issued another Notice of Award, stating that

---

§ 2412(d)(1)(A). EAJA fees are determined by examining the amount of time expended on the litigation and the attorney's hourly rate, which is capped by statute. *See Gisbrecht v. Barnhart*, 535 U.S. 789, 796 (2002); 28 U.S.C. § 2412(d)(2)(A).

the plaintiff was owed $59,110.00 in past-due benefits and that $20,375.50 was withheld for attorney's fees. (Doc. No. 24-4 at 3). The Notice did not indicate that it replaced the November 12, 2024 Notice of Award, but it stated that the $59,110.00 in past-due benefits was for December 2020 through September 2024; the November 12, 2024 Notice of Award awarded $5,151.70 in past-due benefits for the same period. (*Id.* at 3; Doc. No. 24-1 at 3).

On September 15, 2025, the Commissioner issued a Notice of Award stating that the plaintiff was owed $5,996.00 in past-due benefits for his minor dependents and that $1,499.00 had been withheld in attorney's fees. (Doc. No. 24-2 at 1). The Notice stated that the past-due benefits were for December 2020 through January 2023. (*Id.*). On September 24, 2025, the Commissioner issued another Notice of Award, stating: "This letter replaces our previous letter dated September 15, 2025." (Doc. No. 24-3 at 1). The September 24, 2025 Notice of Award explained that the Commissioner had "found a keying error": $4,099.00 had been withheld in attorney's fees, which was the "correct amount of the 25% of the past-due benefits." (*Id.* at 1–2). The Notice stated that the past-due benefits amounted to $16,396.00 and were for December 2020 through September 2024. (*Id.* at 2). Pursuant to the September 24, 2025 Notice, Counsel received a $5,873.21 fee under 42 U.S.C. § 406(a) on September 23, 2025. (Doc. No. 24 at 2).

Counsel now moves for attorney's fees under 42 U.S.C. § 406(b). (Doc. No. 24). Counsel seeks an attorney's fees award in the amount of $20,375.50, "with credit to the plaintiff for a reasonable EAJA fee." (Doc. No. 24 at 1). Counsel seems to have based this amount on the Commissioner's November 23, 2025 Notice of Award:

> The undersigned relies upon this figure as accurate and takes into account the fees previously paid to the undersigned by the Commissioner pursuant to § 406(a). Put another way, the instant motion should not be construed to request a fee that exceeds 25% of the back benefits. The undersigned invites the Commissioner to confirm or correct the figures in the November 2025 Notice of Award as they relate to the above § 406(a) fee payment information.

3

(*Id.* at 2). The Commissioner neither supports nor opposes the motion because it does not have a direct financial stake in the award. (Doc. No. 26 at 1). The Commissioner's response to Counsel's motion also does not address whether the calculations in the November 2025 Notice of Award are correct. (*Id.* at 1–2). Counsel filed a Notice on January 7, 2026, indicating that he worked a total of 20.6 hours on the case. (Doc. No. 28 at 1). An EAJA award was not sought or awarded in this case. (Doc. No. 24 at 2).

**II.     DISCUSSION**

Section 406(b) of Title 42 of the United States Code "governs the total fee a claimant's attorney may receive for court representation" of Social Security claimants. *Gisbrecht v. Barnhart*, 535 U.S. 789, 806 (2002). In pertinent part, Section 406(b) provides:

> Whenever a court renders a judgment favorable to a claimant . . . who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled . . . .

42 U.S.C. § 406(b)(1)(A). Where, as here, a contingency fee agreement is in place, section "406(b) calls for court review of such arrangements as an independent check, to assure that they yield reasonable results." *Gisbrecht*, 535 U.S. at 807. Accordingly, courts "approach fee determinations by looking first to the contingent-fee agreement, then testing it for reasonableness . . . ." *Id.* at 808.

"Both [the Second Circuit] and the Supreme Court have set out guidelines for courts conducting this reasonableness analysis . . . ." *Fields v. Kijakazi*, 24 F.4th 845, 849 (2d Cir. 2022) (citing *Gisbrecht*, 535 U.S. at 808; *Wells v. Sullivan* ("*Wells II*"), 907 F.2d 367, 372 (2d Cir. 1990)). When determining reasonableness, the court must consider four factors: (1) "the character of the representation and the result the representative achieved," (2) "whether a claimant's counsel is responsible for undue delay," (3) "whether there was fraud or overreaching in the making of the

contingency agreement," and (4) "whether a requested fee would result in a 'windfall' to counsel." *Fields*, 24 F.4th at 849 (summarizing factors established in *Gisbrecht*, 535 U.S. at 808 and *Wells II*, 907 F.2d at 372). In holding that a contingency fee may only be reduced if it is unreasonable, courts have "rejected reliance on 'the traditional lodestar method' utilized in fee-shifting statutes." *Fields*, 24 F.4th at 853.

Ultimately, "[s]hould the district court find that the agreement provides an unreasonable fee under the circumstances, the court may reduce the fee provided it states the reasons for and the amounts of the deductions." *Wells II*, 907 F.2d at 372. However, such deductions "should not be made lightly." *Yamile B. S. v. Comm'r of Soc. Sec. Admin.*, No. 19-CV-155 (SALM), 2022 WL 1115099, at *2 (D. Conn. Apr. 14, 2022) (quoting *Blizzard v. Astrue*, 496 F. Supp. 2d 320, 325 (S.D.N.Y. 2007)).

The plaintiff was awarded $75,506.00 in total for past-due benefits: $16,396.00 in past-due benefits for his minor dependents (Doc. No. 24-3 at 2) and $59,110.00 in past-due benefits for himself (Doc. No. 24-4 at 3). Counsel seeks $20,375.50 in attorney's fees, which he contends "takes into account the fees previously paid to the undersigned by the Commissioner pursuant to § 406(a)."[3] (Doc. No. 24 at 2). This amount cannot be awarded because it is equal to 27% of the plaintiff's $75,506.00 in past-due benefits. Counsel may only be awarded attorney's fees up to 25% of the plaintiff's total past-due benefits under § 406(b), and the retainer agreement sets the contingency fee at 25% of past-due benefits. (Doc. No. 24-5); *see, e.g.*, *Suwen Zhang v. Berryhill*, No. 6:17-CV-06492-MAT, 2019 WL 2281228, at *2 (W.D.N.Y. May 29, 2019) ("[The fee award] must be reduced to $8,754.25 to make it permissible under the fee agreement between Plaintiff

---

[3] Counsel received $7,080.00 in total in § 406(a) fees: $1,206.79 pursuant to the November 12, 2024 Notice of Award and $5,873.21 pursuant to the September 24, 2025 Notice of Award. (Doc. No. 24 at 1, 2).

5

and Counsel, which, consistent with the statutory cap, allows for up to 25 percent of any past due benefits awarded.").

However, if the November 12, 2024 Notice of Award of $5,151.70 was not supplanted by the November 23, 2025 Notice of Award of $59,110.00 but rather was meant in addition, the plaintiff thus received $80,657.70 in total and Counsel could recover $20,375.50 ($20,375.50 divided by $80,657.70 = 25%). Since the Commissioner's response to Counsel's motion did not confirm or correct the figures in the November 23, 2025 Notice of Award (or any other Notice of Award), and the November 23, 2025 Notice did not indicate that it replaced the November 12, 2024 Notice of Award, the Court presumes that the Commissioner intended to award the plaintiff $5,151.70 plus $59,110.00. The Court therefore considers whether, in light of the factors discussed above, an award of $20,375.50 is reasonable.

Here, all four *Fields* factors are satisfied.

First, the retainer agreement sets the contingency fee at 25% of past-due benefits, which is standard. (Doc. No. 24-5). Counsel vigorously advocated for his client and achieved advantageous results: he obtained a fully favorable decision on remand, and he investigated the initial Notice of Award to ensure his client would receive the total amount of past-due benefits he was owed. (Doc. No. 24 at 1–2).

Second, there is no evidence of undue delay. Counsel timely filed the Motion to Reverse. (Doc. Nos. 13, 16, 17). Counsel filed the Motion three months after this action was transferred to the undersigned and less than two months after the Court entered a Scheduling Order. (Doc. Nos. 13, 16, 17).

Third, the Court has not been provided evidence that the contingency fee agreement was made through fraud or overreaching.

6

Fourth, the Court must determine "whether the requested amount is so large as to be a windfall to the attorney." *Wells II*, 907 F.2d at 372; *accord Gisbrecht*, 535 U.S. at 808. Counsel seeks $20,375.50, which is equal to or less than the customary 25% contingency fee. Counsel spent 20.6 hours on this case. (Doc. No. 28 at 1). Courts in the Second Circuit "generally hold that twenty to forty hours is a reasonable expenditure of counsel time for routine social security cases." *Barbour v. Colvin*, 993 F. Supp. 2d 284, 289 (E.D.N.Y. 2014). Counsel's *de facto* hourly rate is $989.10, which is well within the range of what the Second Circuit has determined reasonable. *See Fields*, 24 F.4th at 856 n.10 (citing cases ranging between $1,300 and $2,100 *de facto* hourly rates). Thus, the requested amount is not so large as to be a windfall to Counsel.

In other words, all factors are either neutral or weigh in Counsel's favor. The Court concludes the § 406(b) fee request is reasonable.

Where counsel is awarded both EAJA and 42 U.S.C. § 406(b) fees for the same work, counsel must return the smaller of the two fees to the plaintiff. *See Gisbrecht*, 535 U.S. at 796. Here, an EAJA award was not sought or awarded. (Doc. No. 24 at 2). However, the plaintiff is due a credit in a reasonable amount pursuant to EAJA whether or not such a fee is paid. *See Gisbrecht*, 535 U.S. at 796; *Allen v. Comm'r of Soc. Sec.*, No. 10 CIV. 0068 LAP FM, 2012 WL 1596661, at *5 (S.D.N.Y. Apr. 27, 2012), *report and recommendation adopted*, No. 10 CIV. 0068 LAP FM, 2013 WL 6331727 (S.D.N.Y. Dec. 5, 2013) ("To prevent plaintiffs from being penalized as a result of counsels' failures to apply for EAJA fees to which they were entitled, courts have either reduced the Subsection (b) award by an amount equal to the foregone EAJA fees, or taken counsels' failures to apply for EAJA fees into account in determining a reasonable fee for their services."); *Dorta v. Saul*, No. 18-CV-396 (JLC), 2021 WL 776446, at *3 (S.D.N.Y. Mar. 1, 2021) (holding that when an EAJA award has not been sought, "it is appropriate to reduce the total amount of attorney's fees

7

requested by the potential amount of EAJA fees that could have been awarded"); *Gallo v. Astrue*, No. 10-CV-1918 (JG), 2011 WL 5409619, at *2 (E.D.N.Y. Nov. 8, 2011) (noting that, in cases "[w]here an EAJA application would have succeeded, each dollar that would have [been] awarded under the EAJA (up to the amount requested under the SSA) is a dollar the claimant should receive but does not"). Counsel suggested an EAJA fee in the amount of $5,000.00, and the Commissioner does not oppose the amount. (Doc. No. 24 at 3; Doc. No. 26). EAJA fees are capped by statute at $125 per hour. 28 U.S.C. § 2412(d)(2)(A). Thus, the fee of $5,000 is more than reasonable because Counsel worked 20.6 hours.

### III. CONCLUSION

For the reasons stated above, Counsel's Motion for Attorney's Fees pursuant to 42 U.S.C. § 406(b)(1) is **GRANTED** in the amount of $20,375.50, inclusive of the $7,080.00 in § 406(a) fees he already received.[4] In addition, Counsel must refund $5,000 to the plaintiff as an EAJA credit.

**SO ORDERED** at New Haven, Connecticut this 12th day of January, 2026.

    /s/ Robert M. Spector  
Robert M. Spector  
United States Magistrate Judge

---

[4] *See, e.g.*, *Rivera v. Saul*, No. 20-CV-7215 (CS), 2024 WL 4986967, at *4 (S.D.N.Y. Dec. 5, 2024) ("The SSA withholds up to 25 percent of a claimant's past-due benefits in a single pool of funds for direct payment of attorney's fees awarded under both § 406(a) and § 406(b)."); *Dabydeen v. Colvin*, No. 1 l-CV-878 (KAM), 2015 WL 6696430, at *1 (E.D.N.Y. Nov. 3, 2015) ("[T]he combined fees approved under §§ 406(a) and 406(b) [may] not exceed . . . 25% of the retroactive benefits awarded to the plaintiff.").